UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HEADLANDS LIMITED, | ) | |
| a Foreign Company, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV01634 AGF |
| | ) | |
| AIR SUPPORT SYSTEMS, LLC, | ) | |
| a Delaware Limited Liability Company, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on the motion of Defendant Air Support Systems, LLC ("Air Support") to dismiss Plaintiff Headlands Limited's ("Headlands") first amended complaint pursuant to Federal Rules of Civil Procedure 11(b)(1) (representations to the Court), 41(b) (failure to comply with court rules), and 42 (consolidation of duplicative actions). For the reasons set forth below, the motion shall be denied.

## BACKGROUND

Headlands is a Gibralter company. Air Support is a Delaware limited-liability company with its sole member residing in St. Louis, Missouri. Headlands alleges that during the summer of 2008, Air Support's President, Gary Fears, asked Headlands to loan Air Support $1,000,000 for use as working capital. Fears represented that if Headlands loaned the $1,000,000, Air Support would pay interest at 15% per annum and give

Headlands a security interest in Air Support's sole significant asset, an Ilyushin Model IL-78 aircraft ("the Airplane"). Fears certified in writing that the Airplane was subject to only one lien held by an individual named Kevin Flynn.[1] Headlands also alleges that as a result of Fears's representations, Headlands loaned $1,000,000 to Air Support, pursuant to a promissory note ("the Note"), on or about September 5, 2008.

Under the Note, Air Support agreed to pay Headlands $1,150,000 ($1,000,000 in principle and $150,000 in interest) on September 5, 2009. The Note, signed contemporaneously with a Loan and Aircraft Security Agreement ("Security Agreement"), further provided that Air Support's financial obligations under the Note would be secured by the Airplane. Headlands alleges that contrary to the terms of the Security Agreement, Air Support refused to provide Headlands with the documents required to perfect its security interest in the Airplane. Headlands further alleges that Air Support defaulted on its financial obligations under the Note, as the Note matured on September 5, 2009, and Headlands has received no payment from Air Support.

On July 21, 2009, a Michigan state court action ("the Michigan case") was filed by a different creditor of Air Support, Air-1 Flight Support, Inc. ("Air-1"), which sought money damages for breach of a service agreement it had with Air Support for maintenance of the Airplane. Air-1 Flight Support, Inc. v. Air Support Sys. LLC, No. 09-47029-CK. On March 30, 2010, Air-1 obtained a default judgment against Air Support

---

[1] In its first amended complaint, Headlands states that Fears advised Headlands that Flynn's lien was for approximately $900,000; but the certification (Doc. #20, Ex. 1) did not state the amount of the lien.

for $71,045.74, permitting Air-1 to take possession of and sell the Airplane in order to collect its damages.

On June 8, 2010, Headlands commenced the present action in the United States District Court for the Southern District of Illinois.[2] On July 13, 2010, the Illinois court dismissed Headlands' complaint for lack of subject-matter jurisdiction with leave to amend.

On July 16, 2010, Headlands filed a motion to intervene in the Michigan case. On July 20, 2010, Headlands filed an amended complaint in the Southern District of Illinois, seeking damages for breach of contract against Air Support (Count I), an equitable lien on the Airplane (Count II), and an injunction prohibiting Fears and Air Support from encumbering or otherwise disposing of the Airplane. On July 23, 2010, Headlands appeared in the Michigan court for a hearing on its motion to intervene. On July 30, 2010, the Michigan court granted Headlands' motion to intervene, granted its request for a temporary restraining order preventing the sale of the Airplane, and further enjoined all parties from moving the Airplane until an evidentiary hearing could be held. On August 30, 2010, the Southern District of Illinois granted Air Support's unopposed motion to transfer venue of the present case to this Court.

## ARGUMENTS OF THE PARTIES

On September 17, 2010, Air Support filed the present motion to dismiss

---

[2] It is undisputed that Air Support had a presence in the Southern District of Illinois at the time the Note was executed.

Headlands' first amended complaint.  Air Support argues that Headlands violated Rule 11(b)(1) "by failing to correct [Headlands'] representations to the Court, that they had voluntarily accepted the jurisdiction of the Michigan State Court after claiming that this Court had jurisdiction," and for maintaining the action in this Court "for an improper purpose, to increase the costs of litigation for [Air Support] and potentially subject it to double obligations or inconsistent obligations for the same claims."

Air Support further asserts that Headlands "violated" Rule 41(b) by failing to comply with Rule 11(b)(1), and "violated" Rule 42, which requires consolidation of claims in different courts when there are common questions of law or fact, when it "voluntarily subjected itself to the [Michigan] State Court jurisdiction and did not dismiss this petition."

Headlands, in response, argues that Air Support's motion to dismiss does not constitute a responsive pleading under Rule 12(b), and that Air Support should be held in default for failing to properly respond to Headlands first amended complaint.  Headlands alternatively argues that Air Support's motion fails because Rules 11(b)(1) and 42 have not been violated.  Headlands states that it intervened in the Michigan case for the sole purpose of preventing sale of the Airplane so as to not lose its security interest in the event that Air Support could not satisfy the judgment in the instant action.

## **DISCUSSION**

Upon review of the record, the Court agrees with Headlands that Air Support's motion to dismiss should be denied.  The Court cannot glean any intelligible argument in

4

Air Support's motion to dismiss that would warrant dismissal. Failure to comply with Rules 11(b), 41(b), and 42 are not recognized defenses under Rule 12(b) such that Air Support can invoke them in a motion to dismiss in lieu of an answer. 27A Fed. Proc. § 62:269 (2010). Further, a motion for sanctions under Rule 11(c) must be made separately from any other motion and does not constitute a responsive pleading. Additionally, this action does not involve the same claims as those in the Michigan case. Nevertheless, the Court denies Plaintiff's request to hold Air Support in default and shall give Air Support an opportunity to file an answer or a proper motion to dismiss.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**. [Doc. #25]

**IT IS FURTHER ORDERED** that Defendant shall have fourteen days from the date of this Memorandum and Order to file a response to Plaintiff's first amended complaint.

                                                               _____
                                                               AUDREY G. FLEISSIG
                                                               UNITED STATES DISTRICT JUDGE

Dated this 10th day of November, 2010.