UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HEADLANDS LIMITED, a Foreign Company, | ) ) ) | |
| Plaintiff/Counterclaim Defendant, | ) ) | |
| vs. | ) ) | Case No. 4:10CV01634 AGF |
| AIR SUPPORT SYSTEMS, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on the motion of Plaintiff Headlands Limited ("Headlands") to dismiss Defendant Air Support Systems, LLC's ("Air Support") counterclaim for breach of contract, and to dismiss "third-party claims" filed by Avatar, Inc. ("Avatar"), and an individual named Gary Fears ("Fears"), President of Air Support. For the reasons set forth below, the motion shall be denied as to Defendant's counterclaim and granted as to the "third party claims."

**BACKGROUND**

Headlands is a Gibralter company. Air Support is a Delaware company with its sole member residing in St. Louis, Missouri. On July 21, 2009, a Michigan state court action was filed against Air Support by Air-1 Flight Support, Inc. ("Air-1"), a creditor of Air Support. Air-1 sought money damages for breach of a service agreement it had with Air Support for maintenance of an airplane owned by Air Support.

On September 5, 2008, Air Support signed a promissory note, pursuant to which it agreed to repay Headlands $1.15 million ($1 million in principal and $150,000 in interest) on September 5, 2009. The Note, signed contemporaneously with a Loan and Aircraft Security Agreement ("Security Agreement"), further provided that Air Support's financial obligations under the Note would be secured by the airplane that was involved in the Michigan action. Fears certified in writing that the airplane was subject to only one lien held by an individual named Kevin Flynn.[1]

On March 30, 2010, Air-1 obtained a default judgment in the Michigan action against Air Support for $71,045.74, permitting Air-1 to take possession of and sell the airplane in order to collect its damages.

On June 8, 2010, Headlands commenced the present action in the United States District Court for the Southern District of Illinois. Headlands alleged that contrary to the terms of the Security Agreement, Air Support refused to provide Headlands with the documents required to perfect its security interest in the Airplane, and further, that Air Support defaulted on its financial obligations under the Note, as the Note matured on September 5, 2009, and Headlands had received no payment from Air Support. Headlands asserted that Air Support breached the Security Agreement and requested compensatory damages (Count I), injunctive relief in the form of an equitable lien on the airplane (Count II), and a preliminary and permanent injunction to prevent Air Support

---

[1] In its first amended complaint, Headlands states that Fears advised Headlands that Flynn's lien was for approximately $900,000, but the certification did not state the amount of the lien. (Doc. #20, Ex. 1.)

from moving the plane from its then-current location in Michigan (Count III). On July 2, 2010, Air Support filed an unopposed motion to transfer venue to this Court. On July 13, 2010, the Illinois court dismissed Headlands' complaint for lack of subject-matter jurisdiction with leave to amend.

On July 16, 2010, Headlands filed a motion to intervene in the Michigan case. On July 20, 2010, Headlands filed an amended complaint in the Illinois court, seeking damages for breach of contract against Air Support (Count I), an equitable lien on the airplane (Count II), and an injunction prohibiting Fears and Air Support from encumbering or otherwise disposing of the airplane (Count III).

On July 30, 2010, the Michigan court granted Headlands' motion to intervene, sustained its request for a temporary restraining order preventing the sale of the airplane, and further enjoined all parties from moving the airplane until an evidentiary hearing could be held. On August 30, 2010, the Illinois court granted Air Support's unopposed motion to transfer venue, and transferred this case to this Court.

On November 24, 2010, Air Support filed "Defendant's Response to Plaintiff's First Amended Complaint, Affirmative Defense, Counterclaim and Third Party Claims Against Plaintiff." Air Support admits that it signed the relevant loan and security agreements but asserts as an affirmative defense that it never received the loan funds, and thus does not owe any amounts to Headlands. In its counterclaim for breach of contract, Air Support asserts that the $1 million loan was never funded, and because it never received the loan funds, Air Support had "incurred additional expenses for new loans

3

from its first lien lender to carry on its business" in the amount of $100,000. Air Support requests $100,000 in damages.

Finally, Air Support asserts two "third party claims" for breach of contract. The first, by Avatar, claims that it contracted with Headlands through Headland's majority owner, Russell DeLeon, for Avatar's lobbying efforts to help Headlands avoid potential criminal litigation or fines over involvement in DeLeon's online gaming company. Avatar claims that Headlands did not pay a $5 million "success fee" for Avatar's lobbying services. The second "third party claim," names Fears as the plaintiff and asserts that Fears entered into negotiations with Headlands to form a new company, and that Headlands orally agreed to fund the new venture, which would purchase more airplanes. Fears alleges that Headlands agreed to issue $5.5 million to fund the purchase of another airplane, but that only $1 million was advanced. He seeks damages in the amount of the $4.5 million for breach of contract by Headlands.

In support of its motion to dismiss, Headlands argues that Air Support's counterclaim fails to state a claim for breach of contract because Air Support doesn't really maintain that it never received the $1 million, and, somewhat contradictorily, that assertions that Air Support did not receive the proceeds of the loan and that Air Support was damaged thereby are "implausible." Headlands argues that the "third party claims" by Avatar and Fears should be dismissed because Avatar and Fears have failed to move to intervene as required by Federal Rule of Civil Procedure 24, and that even had they filed the proper motion to intervene, their claims are unrelated to the subject matter of this

lawsuit.

No response to Headlands' motion to dismiss has been filed.

## **DISCUSSION**

Upon review of the record, the Court agrees with Headlands that the purported "third party claims" should be dismissed, as the plaintiffs in those claims are not parties to this action. However, the Court finds that Headland's arguments for dismissal of the counterclaim are unpersuasive. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." Hamilton v. Palm, 621 F.3d 816, 819 (8th Cir. 2010).

Here, the Court concludes that Air Support has stated a viable claim for breach of contract against Headlands. Although Headlands argues that Air Support never asserts that it did not receive the $1 million, that is precisely what the counterclaim alleges.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to dismiss is **GRANTED** as to the "third party claims," and **DENIED** as to Defendant's counterclaim. [Doc. #42]

5

*Audrey G. Fleissig*
                                               AUDREY G. FLEISSIG
                                               UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2011